NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 09-34394 |
| National Pool Construction, Inc. | : | Chapter 11 |
| Debtor | : | |
| National Pool Construction, Inc. Liquidating Trust | : | |
| Plaintiff, | : | |
| vs. | : | Adversary No. 11-2643 |
| The Provident Bank, John Does 1-10, and XYZ Corporations 1-10 | : | |
| | : | **MEMORANDUM OPINION** |
| Defendant(s) | : | |

**APPEARANCES**

Attorneys for Plaintiff
Courtney A. Schael, Esquire
Ashford – Schael LLC
511 Summit Avenue
Westfield, New Jersey 07090

Attorney for Defendant
George M. Pangis, Esquire
Norgaard O'Boyle
184 Grand Avenue
Englewood, New Jersey 07631

National Pool Construction, Inc. Liquidating Trust ("Trust") appealed this court's order dated March 14, 2012 that dismissed the adversary complaint against the Provident Bank ("Provident") with prejudice. The District Court found that "[b]ecause the court below appears to have applied an inappropriate standard in deciding Appellee's Rule 12(c) motion, the Court will vacate the Order of March 14, 2012 dismissing Appellant's adversarial [sic] complaint and remand for further consistent proceedings." The following ruling is made in accordance with that remand order.

The District Court questioned whether the bankruptcy court applied the appropriate standard in deciding the motion to dismiss. In its oral opinion, this court stated that the standards for a motion under Fed. R. Civ. P. 12(c) were the same as the standards on a motion for summary judgment, and cited to <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004).[1] The court misspoke when it said "summary judgment"; it intended to say "12(b)(6)". As the court's citation to <u>Spruill</u> indicates, the court was applying the legal standard set forth in that case. The <u>Spruill</u> case noted that there is no material difference in the legal standards between a motion under Rule 12(b)(6) and one under 12(c). A review of this court's opinion demonstrates that the court applied a Rule 12(b)(6) standard in deciding the motion.

The court did not rely on any facts outside the pleadings to decide the initial part of the motion. In its oral opinion, the court noted that the Chapter 11 case was filed on September 16, 2009[2], therefore, the deadline to file a complaint under 11 U.S.C. § 546(a)(1) was September 16, 2011. The court then noted that the complaint at issue was not filed until December 5, 2011[3], and was thus time barred. In reaching its conclusion, the court rejected the Trust's legal

---

[1] The District Court noted that "[t]his, however, is not exactly incorrect."
[2] Complaint at para. 9.
[3] That information came from the Bankruptcy Court docket, but that is the type of information outside a complaint that may appropriately be considered on a Rule 12(b)(6) motion. <i>See</i>, <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997)

arguments that § 550 was an independent cause of action, and that the New Jersey Fraudulent Transfer Act provided a longer statute of limitations. Since the court applied the Rule 12(b)(6) legal standard that the District Court found appropriate, there is no need for the court to reconsider that portion of its ruling as part of the remand.

As the District Court correctly noted, however, this court did apply an incorrect legal standard in deciding whether the Trust's failure to timely file a complaint should be forgiven under the doctrines of equitable tolling and adverse domination. On that issue, the court looked to matters outside the record, notably the Trust's certifications from Courtney Schael, Esq. and Veytsman. By considering extraneous materials, this court was inadvertently treating the motion as one for summary judgment, and did not provide the Trust with "a reasonable opportunity to present all the material that is pertinent to the motion."[4]

The question becomes what material would be pertinent to that determination. The District Court noted that "to avoid dismissal on a motion for judgment on the pleadings based on the statute of limitations all that is necessary is that a plaintiff pleads the applicability of an equitable doctrine."[5] The Trust did not plead equitable tolling or adverse domination in the Complaint, nor did it include counts based on those theories in the Proposed First Amended Complaint that was filed in conjunction with its opposition to the motion to dismiss. Those theories were raised only in the Trust's memorandum of law. Nonetheless, the District Court stated that "before dismissing a complaint under Rule 12(c), 'a district court must permit a curative amendment, unless an amendment would be inequitable or futile. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008)."[6]

---

[4] Fed. R. Civ. P. 12(d)
[5] District Court opinion at 4
[6] Id.

3

Before dismissing the complaint, this Court placed on the record its reasoning for finding that an amendment to include an equitable tolling argument would be futile. The court engaged in a lengthy analysis applying the three part test for equitable tolling set forth in <u>New Castle County v. Halliburton NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1997). For the purposes of deciding the motion, the court assumed that the first factor (that the defendant has actively misled the plaintiff respecting the plaintiff's cause of action) had been established. The court then found that the Trust could not establish the second factor (that the plaintiff in some extraordinary way has been prevented from asserting his or her rights). Specifically, the court found that:

> What is glaringly absent from [the Trust's] certification is any explanation for what was learned between September 16, 2011 and when the complaint was filed on December 5, 2011. The Liquidating Trustee has not said that the few facts that are in the complaint were not learned until after the deadline had passed. If the argument was that as of the deadline it was impossible for the Liquidating Trustee to know that he had any cause of action against Provident then an equitable tolling argument might pass muster, but that is not what is being argued. The extraordinary circumstances the Trustee relies on is that he had only 2 weeks to file the complaints, but that argument is undercut by the fact that he managed to file 40 complaints within the deadline. This complaint against Provident was the sole complaint filed after the deadline. If the complaint were very factually complex thus necessitating far more time than the other 40 complaints that would be one thing, but the reality is that this complaint is a bare bones complaint that mostly just recites the statutory sections. In that respect it is indistinguishable from the other mere placeholder complaints that the Liquidating Trustee filed within the deadline.

While the above analysis suggests that allowing an amendment to include equitable tolling arguments would be futile, the court must give proper deference to the District Court's remand order and provide the Trust with "a reasonable opportunity to present all the material that is

pertinent to the motion." It has been held that equitable defenses to a statute of limitations involve questions of fact and are not appropriately determined on a motion to dismiss.[7] But in order to avoid pointlessly increasing the time and cost of this litigation, the court will limit the discovery to what is necessary to address the threshold issues outlined above: whether Provident was hiding facts from the Trust that made it impossible to file a complaint by September 16, 2011; and what facts were discovered between September 16 and December 5, 2011 that made the filing of the complaint possible. If the Trust cannot satisfactorily establish that it was prevented in an extraordinary way from timely filing the complaint against Provident, then equitable tolling would not apply and the case should remain dismissed based on the statute of limitations in § 546(a)(1).

The same threshold question would apply to the Trust's adverse domination theory. "The concept of adverse domination is an equitable tolling doctrine that will allow for the statute of limitations to be tolled where the corporate entity is controlled by the alleged wrongdoers." In re O.E.M./Erie, Inc., 405 B.R. 779 (Bankr. W.D. Pa. 2009). The Trust argued that "[u]nder the doctrine of adverse dominion, any limitations period would be tolled and not begin to run until the Debtor, controlled by the Shareholders, was no longer in control of pursuing avoidance actions. Thus, the Complaint was timely filed because any limitations period was automatically tolled and did not begin to run until the Effective Date of the Plan when the Liquidating Trust was created and assigned avoidance actions." The effective date of the Chapter 11 plan was August 29, 2011. That was two weeks prior to the September 16, 2011 deadline for filing a complaint.

---

[7] *See e.g.*, O.E.M./Erie, Inc., 405 B.R. 779, 787 (Bankr. W.D. Pa. 2009)

The parties will be given 60 days to complete any additional discovery and then 30 days thereafter to file any summary judgment motions that are deemed appropriate.

/s/ *Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated:  December 10, 2012